### BIERNAN'S ADM'R vs. BRACHES.

1. When the death of a partner prevents the partnership operations from being carried on, according to the agreement, and money advanced from being refunded, as stipulated for the surviving partner may recover for the money advanced, in the same manner, as if no partnership had ever existed.

## APPEAL from St. Louis Circuit Court.

WHITTLESEY, for appellant.

I. Can one partner sue another at law for an indebtedness arising from the partnership transactions, before the settlement of the partnership concerns, the payment of the debts and the striking of a balance?

II. Under the articles of co-partnership, does this case come within the rule of law above stated?

In support of the first proposition, see Strohert vs. Knox, 5 Mo. R., 112, Murray vs. Bogert, 14 J. R., 318; 2 Conn. R., 425; 1 Wend. R., 532.

The next question, is, does this case come within the operation of the rule? We do not

deny that one partner may act and deal with another, in the same manner as with a stranger, in all matters not belonging to the partnership. But the point at issue, is, whether these partners have so done—whether the matters are partnership or not. For this purpose a careful examination of the articles of co-partnership are necessary.

By these articles Biernan, the intestate, was to advance on his share of the capital the land and the distillery, building and fixtures. But as these were not of sufficient capacity for the business intende!, Braches was to advance money for the increase of capacity, to the amount of $2000, and $4000 more as business capital—both of these sums without interest, and Biernan charging no rents for the buildings. In the books of the concern, the amount of plaintiff's bill of $5,353 96, was charged as a loan to Biernan.

The partnership was to be of indefinite duration, and was not to be dissolved until the profits amounted to $8000, over and above the advance made by Braches to carry on the business. Sec. 23 of articles, thus clearly making loans and business and capital an undivided subject of the partnership business. By an amended article of Jan. 8th, 1849, Braches was allowed to withdraw from the profits of the concern, the whole amount expended as soon as the profits amounted to $4000, so that the advances should be repaid out of the profits by article 21. Profits and losses were to be equally divided.

The law implies that partners are to be re-imbursed at the dissolution. The capital each has advanced, after paying, first the debts of the concern, and the balance will be profits to be divided between the partners. The agreement between these partners only reduced to writing what the law implied. Biernan owning the land, buildings and fixtures go to him, and the money advanced by the other partner goes back to him, no matter how they have been expended; whether in the buildings or the common transactions of the concern; and yet no one would suppose, in such a case, that one partner could sue the other for his advance until a dissolution and a settlement. The moneys expended on the land would still form part of the partnership capital to be returned to the advancing partner, no matter who he might be, or what might be the character of the advances, whether it be lands, buildings and distilleries, fixtures or money. If the money have been expended in buildings, the partner owning the buildings must repay those advances to the other partner. So that, in these articles, the parties have merely expressed what the law is. 3 Kent Com. 28, 24; 3 Kent 28; 6 Wend. 263; 16 Vesey R., 49; Collyer on Part. 65; West on Shp.; 1 Vesey 142; Coly on Pt. 83, 84; Gilmore vs. Brown, 14 Mass. R., 128.

It was decided in Lee vs. Sashbrook, 8 Dana R., 214, to be a general principle that no one partner is entitled to compensation for his services to the firm, nor for interest on money advanced or deposited with the firm for its use, without a special agreement, or some special circumstance to justify it.

The general conclusion of law is, that partnership losses are to be equally borne, and the profits equally divided, and this is the rule, although the contribution between the parties consisted entirely of money by one and entirely of labor by the other. Gould vs. Gould, Wendall Rep., 263.

"When an account is taken," says Ld. Hardwicke, "each is entitled to be allowed against the other every thing he has advanced or brought in as a partnership transaction; and to charge the other in account with what the other has not brought in, or has taken out more than he ought, and nothing is to be considered his share but the proportion of the residue on the balance of the account"—Cited, Colyer, 65.

The supreme court in this State, in Strothert vs. Knox, 5 Mo. R., 112, 118, state the rule correctly, that while the partnership concern remain unadjusted, one co-partner cannot maintain assumpsit vs. the others, and this most certainly is a case calling, for the interposition of the rule. As the parties, by their own acts have converted the moneys advanced into capital of the co-partnership, one co-partner cannot be allowed to withdraw his share until the concerns are adjusted, so as to diminish the capital stock liable to the payment of the partnership debts. Relying upon the principles of law, the construction of the articles of co-partnership, the appellant insists that the court below erred in refusing the instructions

asked by the defendant below, and in the instruction given, and in refusing the motion for a new trial, and for these errors its judgment should be reversed.

BATES, Jr., for appellee.

I. One partner may maintain an action against his co-partner for a debt unconnected with the partnership account, or separated therefrom. Colyer on partnership, (a) (3 Am. Library, Ed. 149, § 2 Ed. by Perkins,) pages 216, 229, 233-4, 237 and notes; Story on partnership, p. 320, and notes and cases cited.

In this case, the debt for which judgment was given, was specially agreed by the articles to be a loan from Braches to Biernan.

This case does not conflict with the cases of Strothert vs. Knox, (5 Mo. R., 112,) and Springer vs. Cabell, (10 Mo. R., 640;) nor with the rule that one partner cannot sue another at law for a matter connected with the partnership account until a settlement of the account. At the beginning, this account was separated from the partnership account, and was not liable to be increased or diminished by the profit or loss of the business. It was as much a separate loan by one partner to the other as if it had been evidenced by a promissory note; and it was not changed by the additional article of the agreement of partnership of Jan. 8th, 1849. That article only allowed Braches to re-pay himself his loan out of the profits ot the business, instead of waiting for the dissolution of the co-partnership as therefore provided. That article, if it were alone, would itself sufficiently distinguish and separate this debt from the general partnership accounts.

II. Besides, there are cases in which one partner may maintain an action at law against another partner, in respect to a matter strictly belonging to the partnership account. See 8 Mo. R., 574, Byard vs. Fox, citing 1 Stark. R., 78, and 5 Wend. R., 274.

Again, the probate court has jurisdiction of all demands against the estate of a dead man, without respect to any form of action, and "without regard to quality," whether legal or equitable. R. C. Art. 4, p. 92, § 8; p. 331 § 13, and appendix p. 1102.

NOTE.—There is no general error assigned. The only errors assigned are,

1, That the court erred in the instructions given;

2, In refusing the instructions asked by defendant.

BIRCH, J., delivered the opinion of the court.

Braches had an allowance against Biernan's estate in the probate court, from which the administrator appealed to the circuit court, and from the judgment of the circuit court has appealed to this court.

It appeared on the trial in the court below, that the parties had entered into copartnership on the second of October, 1848, to carry on a distillery; Biernan to furnish the land and buildings, and Braches to advance money to carry on the business. To increase the size of the distillery buildings, Braches was to advance to Biernan, as a loan, the sum of two thousand dollars. He was also to advance as business capital the sum of four thousand dollars; the moneys thus advanced to carry no interest, and the land and improvements no rents. By a subsequent section of the agreement, if Braches had to advance more than two thousand dollars for the erection of buildings, it was to be

"on the same condition as the $2000 mentioned in previous sections, without interest, and to be considered a private demand due by Biernan;" and by a supplemental section, added on the 8th of January following, it was stipulated that having ascertained that the $2000 originally agreed upon was insufficient for the erection of the buildings and fixtures for the distillery, Braches might commence to withdraw from the profits of the business whenever the capital thereof amounted to $4000, the whole amount expended in the erection of the buildings, and continue thus to withdraw until all the expenditures for buildings were fully paid out of the profits of the business. The original article of agreement contained the usual clauses as to the division of the profits and losses; Braches to be the manufacturing, and Biernan the active or out-door partner, for the purpose of purchasing supplies, and selling the liquors, which were to be manufactured upon an extensive scale. It is admitted that the account here in question was for advances for building purposes, and the only point which seems to have been made in the court below, or that is here made, is whether the account is or is not so dependant upon the operation and result of the partnership, as to render necessary a settlement of the partnership transactions before the commencement of such a proceeding as the present one. The circuit court thought otherwise, holding, First, That the original articles distinguish plainly between capital put in by the plaintiff for the purpose of carrying on the business—*business* capital—and money advanced by him to improve the intestates distillery. Second, That the latter advances were received as a loan, and continued as such, constituting an individual and separate claim against the intestate, in favor of the plaintiff, notwithstanding the modification of the original agreement, introduced by the additional article of January 8, 1849, the only effect of which alteration, as to such loans, was to render them payable out of the profits of the business of the concern, after the business capital should have amounted to a certain sum, which mode of payment being impracticable, the plaintiff, upon the case as made in evidence, is entitled to judgment for such sum so loaned or advanced.

We are of opinion that the circuit judge took the only proper view of the law and the facts, in ruling, as he substantially did, that as the death of the defendant's intestate prevented the partnership operations from being carried on, according to the agreement, and the money advanced for building refunded as supplementally stipulated for, the plaintiff was entitled to recover those advances in the same manner as if no partnership had ever existed. In other words, that as collateral security for the payment of these advances, the partnership had been ren-

dered inoperative by the death of the debtor partner, and that conse-quently the liability to which he had subjected himself to pay such ad-vances out of the profits of an establishment of which he was to have been the active or business partner, became, if not instant and absolute at the time of his decease, at least thus absolute and uncontingent within such reasonable time, as had the business been carried on in conformity with his stipulations, the money could have been earned. There having been no such point raised as the one intimated, the pre-sumptions are that the facts and time were with the plaintiff, so that in the most favorable aspect in which the case can be viewed for the ad-ministrator, the judgment of the circuit court was correct and must be affirmed.